UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 09-142 |
| DARTAGNAN COLEMAN | SECTION: I |

### ORDER AND REASONS

Before the Court is the motion of defendant, Dartagnan Coleman, for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1]

On September 17, 2009, defendant pled guilty to conspiracy to possess with the intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. On January 7, 2010, this Court sentenced defendant to the mandatory minimum term of 120 months imprisonment.

The sole basis of defendant's present motion is that the Fair Sentencing Act of 2010 ("FSA") should be retroactively applied to his case, causing his sentence to be significantly reduced. The Court is unable to grant defendant any relief.

As the United States Court of Appeals for the Fifth Circuit recently determined in *United States v. Doggins*, --- F.3d ---- , 2011 WL 438935 (5th Cir. Feb. 9, 2011), "the Savings Statute, 1 U.S.C. § 109, provides that the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. The Fair Sentencing Act does not so state, so it does

---

[1] 18 U.S.C. § 3582(c)(2) states:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

not apply retroactively." This Court reached the same conclusion in earlier cases. *See, e.g.*, *United States v. Boyd*, 08-70, 2010 WL 5373923 (E.D. La. Dec. 21, 2010). Defendant was sentenced before the FSA was enacted. Because the Fifth Circuit has determined that the FSA is not retroactive, Meredith cannot rely upon the FSA to seek a sentence reduction.

Accordingly, **IT IS ORDERED** that defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.[2]

New Orleans, Louisiana, April __11th__, 2011.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that *United States v. Henderson*, --- F.3d ----, 2011 WL 1053361 (5th Cir. Mar. 24, 2011) does not impact this Court's analysis. United States Sentencing Guidelines § 1B1.10, application note 1(A) states that:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment.).

As stated, defendant was sentenced to 120 months imprisonment, *i.e.*, the ten-year statutory mandatory minimum term of imprisonment in effect at the time he violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846 and was sentenced. Regardless of whether the sentencing guidelines applicable in this matter have subsequently been lowered, the Court could not resentence defendant to any term of imprisonment below the ten-year statutory mandatory minimum.